IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO.: 4:17-cr-00465-RBH-1 |
| Plaintiff, | |
| vs. | |
| SHAREEF WILLIAMS, | |
| Defendant. | |

**FINAL ORDER OF FORFEITURE**

This matter is before the court upon the United States' motion for a Final Order of Forfeiture as to Shareef Williams ("Defendant"), who was convicted of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and laundering of monetary instruments. A Preliminary Order of Forfeiture was filed on September 15, 2017. (ECF. No. 64). The record in this case establishes the following:

1. On May 23, 2017, a federal grand jury in this district returned an Indictment in which the Defendant was charged with drug trafficking, in violation of 21 U.S.C. §§ 841 and 846; money laundering, in violation of 18 U.S.C. § 1956; and firearm offenses, in violation of 18 U.S.C. § 922(g)(1).

2. The Indictment provided that upon the Defendant's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 924(d) and 982(a)(1), 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

3. On September 8, 2017, Williams pled guilty to one count of drug trafficking and one count of money laundering.

1

4. Based upon the Defendant's conviction, and other matters appearing in the record, the court issued a Preliminary Order of Forfeiture determining that the below-described property is subject to forfeiture, in that such property constituted, was involved in and/or derived from proceeds the Defendant obtained as a result of the offense of conviction. The court further found that the Defendant has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. §§ 853 and 881, and 28 U.S.C.§ 2461(c).

5. The court further found in the Preliminary Order of Forfeiture that the government has established the requisite nexus between the said property subject to forfeiture and the offenses for which the Defendant were convicted, and that property is therefore forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) 21 U.S.C. §§ 853 and 881, and 28 U.S.C.§ 2461(c), subject to the provisions of 21 U.S.C. § 853(n) governing third-party rights.

6. The court further found in the Preliminary Order of Forfeiture that the United States is entitled to a judgment of forfeiture and possession of the said property to 21 U.S.C. § 853(g) and Rule 32.2 of the Federal Rules of Criminal Procedure.

7. On September 15, 2017, the court entered the Preliminary Order of Forfeiture, and forfeited all of the Defendant's right, title, and interest in the following property to the United States:

> Real Property:
>
> 1644 Long Shadow Lane
> Columbia, SC 29223
> Parcel No. 16815-07-03
> Titled in the name of: Tangela Holloman
> Asset ID: 17-USP-002217
>
> All that certain piece, parcel or lot of land with the improvements thereon, situate, lying and being near the City of Columbia, County of Richland, State of South Carolina, the same being shown as Lot Number 18, Block G on plat of Woodfield by McMillian

Engineering Company dated August 15, 1956, latest revision dated July 25, 1960, and recorded in the RMC Office for Richland County in Plat Book 8 at Pages 283-284; also being further shown on a plat prepared for Efrain Marrero-Martinez and Gloria Marrero by Robert E. Collingwood, Jr., Registered Surveyor dated June 28, 1977, and recorded in Plat Book X at Page 9190.

This being the same property at Conveyed to Tangela Holloman and Shareef Williams by Special Warranty Deed 5001849533 Recorded on July 14, 2015, at the Office of the Clerk in Richland County, South Carolina in Book no. 2042 at page 2234. Which is the Corrective Deed being recorded to correct signing date of Deed recorded in Book 2034 at Page 3895 on June 12, 2015.

TMS #: R16815-07-03

8. The Preliminary Order of Forfeiture directed the Government to seize the property, and directed the United States to publish notice of the Preliminary Order of Forfeiture, and of the United States' intent to dispose of the property in accordance with the law. The Preliminary Order of Forfeiture also provided that following publication and after adjudicating all third-party interests in the property, the court would entered a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

9. On September 20, 2017, a Notice of Forfeiture was served on the current occupant/owner of 1644 Long Shadow Lane, Columbia, SC 29223 and Tangela Holloman of 811 Polo Road, Apt. 414, Columbia, SC via US certified mail, return receipt requested, regarding the above listed property.

10. Beginning on September 28, 2017, and running at least 18 hours per day through October 27, 2017, as required by Rule G(4)(a)(iv)(c) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Action, the United States published notice of the forfeiture on the government website "www.forfeiture.gov", a website of general circulation within the United States and the State of South Carolina, notifying any person, other than the Defendant in this case, claiming interest in the forfeited property that they must file a Petition within sixty (60)

days of the notice for a hearing to adjudicate the validity of any alleged legal interest in the property seized. No petitions or other responsive pleadings have been filed by any persons based upon notice by publication, and the deadline for filing a claim based upon such notice expired on November 27, 2017, with no extensions having been requested, consented to, or granted by the court.

11. The United States has received no claims or petitions as to the properties described below, and the time to file such claims or petitions has passed as provided for by the provisions of 21 U.S.C. § 853(n); therefore, all claims to such properties are forever foreclosed and barred.

12. The Court has previously determined that the Defendant has an interest in the property set forth below, and that the Government has established the requisite nexus between the said properties and the offenses for which the Defendant has been convicted; therefore, the said properties shall be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

NOW THEREFORE, upon motion of the United States, it is hereby ORDERED, ADJUDGED and DECREED:

1. All right, title and interest in and to the following property, is hereby forfeited to the United States of America:

> Real Property:
>
> 1644 Long Shadow Lane
> Columbia, SC 29223
> Parcel No. 16815-07-03
> Titled in the name of: Tangela Holloman
> Asset ID: 17-USP-002217
>
> All that certain piece, parcel or lot of land with the improvements thereon, situate, lying and being near the City of Columbia, County of Richland, State of South Carolina, the same being shown as Lot Number 18, Block G on plat of Woodfield by McMillian

Engineering Company dated August 15, 1956, latest revision dated July 25, 1960, and recorded in the RMC Office for Richland County in Plat Book 8 at Pages 283-284; also being further shown on a plat prepared for Efrain Marrero-Martinez and Gloria Marrero by Robert E. Collingwood, Jr., Registered Surveyor dated June 28, 1977, and recorded in Plat Book X at Page 9190.

This being the same property at Conveyed to Tangela Holloman and Shareef Williams by Special Warranty Deed 5001849533 Recorded on July 14, 2015, at the Office of the Clerk in Richland County, South Carolina in Book no. 2042 at page 2234. Which is the Corrective Deed being recorded to correct signing date of Deed recorded in Book 2034 at Page 3895 on June 12, 2015.

TMS #: R16815-07-03

2. Pursuant to 21 U.S.C. § 853(n)(7), clear title in and to the above-described properties is vested in the United States of America, its successors and assigns, and no other right, title or interests exists therein. All claims to the above-described properties are forever foreclosed and barred and the said properties shall be disposed of by the United States in accordance with law.

3. Upon entry of this Order, the United States is hereby authorized to seize the above-described properties as directed by the United States Attorney's Office, to be held by the United States in its secure custody and control pending the disposal of the property.

4. This Order shall serve as a Writ of Entry and Inspection, authorizing the U.S. Marshal Service, and their authorized representatives to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals and videotaping the property, to record and document the condition, value and maintenance of the property until these proceedings are concluded. Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property.

5. The United States shall serve any occupants of the real property with a copy of this Order. This Order specifically places the occupants on notice for the criminal penalties and

prohibitions in 18 U.S.C. § 2232, which subjects anyone to a fine and/or imprisonment who destroys or removes property including fixtures to real property, subject to seizure to prevent the property from being seized.

6. Any occupants residing at the said real property shall vacate the premises within thirty (30) days after service of this Final Order of Forfeiture upon said occupants, or face further eviction proceedings.

7. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, U.S. District Court for the District of South Carolina, shall provide one certified copy of this Order to the United States Attorney's Office Asset Forfeiture Unit for service on interested third parties and for other purposes.

IT IS SO ORDERED.

April 19, 2018                                                                    s/ R. Bryan Harwell
Florence, South Carolina                              R. Bryan Harwell
                                                                                United States District Judge